# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ALVAREZ,** | Civil Action No. 17-4203 (MAS) |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **ADVANCE AUTO PARTS INC., et al.** | |
| **Defendants.** | |

**BONGIOVANNI, Magistrate Judge**

      This matter has been opened by the Court *sua sponte* based on counsel for Plaintiff Elena Alvarez's ("Plaintiff") failure to both prosecute this case and comply with this Court's Orders. For the reasons that follow, it is respectfully recommended that Plaintiff's claims be DISMISSED WITH PREJUDICE.

## Background and Procedural History

      On June 9, 2017, Plaintiff filed a Complaint against Defendants Advance Auto Parts, Inc., et al. ("Defendants"). (Docket Entry No. 1). On August 3, 2017, Defendant Worldpac, Inc., filed an Answer (Docket Entry No. 6), and Defendants Advance Auto Parts, Inc., and Eric Anderson filed a Motion to Dismiss the Complaint. (Docket Entry No. 8). On the same date, this Court set an Initial Conference for September 19, 2017. (Docket Entry No. 9). On September 20, 2017, this Court set the schedule for discovery, including a telephone conference for January 10, 2018. (Docket Entry No. 13). On January 25, 2018, the District Court granted Defendants' Motion to Dismiss with prejudice, allowing Plaintiff to file an Amended Complaint by February 26, 2018. (Docket Entry No. 16). Plaintiff then filed an Amended Complaint on February 14, 2018. (Docket Entry No. 17). On March 1, 2018, Defendant Advance Auto Parts, Inc., again filed a Motion to Dismiss. (Docket Entry No. 21).

On May 14, 2018 this Court entered an amended scheduling order, setting a telephone conference for July 17, 2018. (Docket Entry No. 26). During that conference, the Court advised the parties to continue with interrogatory discovery and noted that a revised schedule would be entered. (See Text Min. Entry of 7/17/2018). On August 29, 2018, the District Court denied Defendants' Motion to Dismiss Plaintiff's Amended Complaint. (Docket Entry No. 27). Defendant Advance Auto Parts, Inc., then filed its Answer on September 12, 2018. (Docket Entry No. 29). This Court then entered a new scheduling order, setting a telephone conference for January 29, 2019. (Docket Entry No. 31) which was then moved to January 28, 2019 (Docket Entry No. 32). During the January 28, 2019 conference, the Defendants noted that they had sent Plaintiff a deficiency letter which Plaintiff was to respond to, and the Court set another status conference for April 25, 2019 which was then rescheduled to May 14, 2019. (Docket Entry No. 34). During this conference, Defendants' counsel noted again that she had sent Plaintiff's counsel deficiency letters in January and April of 2019 that Plaintiff had yet to respond to. The Court instructed Plaintiff to provide said discovery and for the parties to provide a status update by June 7, 2019. (*See* Text Min. Entry of 5/14/2019).

On June 7, 2019, Defendants submitted a letter to the Court describing that Plaintiff had failed to respond to Defendants requests for discovery. The Court then asked Plaintiff's counsel to provide a response to Defendants June 7, 2019 letter by June 19, 2019. When Plaintiff had not responded on July 8, 2019, the Court again requested Plaintiff's response to Defendants' letter, to be submitted by July 11, 2019. The Court also placed several calls to Plaintiff's counsel, to which Plaintiff's counsel did not return. Ultimately, on August 9, 2019, a telephone conference was conducted during which the Court advised Plaintiff's counsel that It's efforts to get Plaintiff to respond were unacceptable. The Court then ordered Plaintiff to respond to Defendant's deficiency

2

letter by September 10, 2019. (*See* Text Order of 8/9/2019).  On September 26, 2019, the Court entered a Text Order on the docket requesting a status update from the parties. (Docket Entry No. 36).  On October 11, 2019, the Court set a telephone conference for November 7, 2019. (*See* Text Order of 10/11/2019).   Plaintiff's counsel failed to contact the Court on that date or advise that he would not be participating.    The Court then rescheduled the conference for November 13, 2019. (Docket Entry No. 37).  On November 13, 2019, after the Court attempted to contact Plaintiff's counsel several times, Plaintiff's counsel again failed to contact the Court and participate in the conference.  On the same date, this Court entered an order directing Plaintiff, by December 3, 2019, to show cause why this matter should not be dismissed for failure to comply with Court orders, prosecute this matter, and provide discovery. (Docket Entry No. 38).  The order was both posted to the docket and sent to Plaintiff's counsel via regular mail.

On December 3, 2019, Plaintiff submitted a letter dated May 24, 2019 that appears to be a letter Plaintiff's counsel sent to Defendant's counsel on that date. (Docket Entry No. 39). Plaintiff's counsel did not include any explanation as to why he was including this May 24, 2019 letter, nor did he respond to the Court's concerns detailed in its November 13, 2019 order. Plaintiff's counsel did not include any argument as to why this case should not be dismissed for failure to comply with Court orders, prosecute this matter, or provide discovery.  Despite the Court's order and several warnings that this case could be dismissed, Plaintiff has neither contacted the Court nor Defendant's counsel.  Nor has Plaintiff provided discovery that has been outstanding since at least January 2019.

## Analysis

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders and/or prosecute a case.  *See* FED.R.CIV.P. 37(b)(2), 41(b).

Where such failures have occurred, dismissal may be an appropriate penalty. *Id.* Generally, in determining whether to impose an involuntary order of dismissal with prejudice, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984). These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

The Court considers the *Poulis* factors in determining whether to recommend the dismissal of Plaintiff's claims with prejudice. For the reasons that follow, the Court finds that under the circumstances presented here, the *Poulis* factors support the dismissal of Plaintiff's claims with prejudice:

1. **Plaintiff's Personal Responsibility:** It is unclear whether Plaintiff's counsel has communicated with Plaintiff or if Plaintiff has knowledge of counsel's deficiencies. Therefore, Plaintiff's person responsibility is unknown. As such, the Court finds this factor weighs against dismissal of Plaintiff's claims with prejudice.

2. **Prejudice to Defendant:** Defendants have been prejudiced by Plaintiff counsel's failure to prosecute this matter and comply with this Court's Orders. By failing to

produce discovery and participate in this Court's telephone conferences, Plaintiff's counsel has abandoned its duty to prosecute this case and bring it to resolution. It is manifestly unjust that this case, which Plaintiff initiated, has remained stagnant for several months due to Plaintiff counsel's actions. Additionally, under these circumstances, Defendants cannot fairly defend this case. The Court finds that this prejudice, which was caused by Plaintiff counsel's failure to do that which was required of him, supports the dismissal of Plaintiff's claims with prejudice. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

3. **History of Dilatoriness:** Plaintiff's counsel has a history of dilatoriness. He has failed to respond to several communications from both this Court and Defendants' counsel. Additionally, he has disregarded numerous court conferences and deadlines. Plaintiff counsel's history of dilatoriness supports the dismissal of this matter with prejudice.

4. **Willfulness or Bad Faith:** While the Court does not find that Plaintiff or Plaintiff's counsel has acted in bad faith, Plaintiff counsel's failure to prosecute this matter and comply with the Court's orders certainly establishes that Plaintiff counsel's conduct has been willful. As a result, this factor further supports the dismissal of Plaintiff's claims with prejudice.

5. **Effectiveness of Alternative Sanction:** The Court finds that there is no effective alternative sanction. The case cannot proceed without Plaintiff's participation and, as explained above, Plaintiff's counsel has repeatedly failed to participate. The production of discovery is necessary to Defendants' defense of this matter. Moreover, Plaintiff's counsel was explicitly forewarned that if he continued to disregard the Court's orders, he risked having this case dismissed. Under these circumstances, the

>Court finds that no lesser sanction than dismissal of Plaintiff's claims with prejudice would be effective. *See Joyce v. Continental Airlines, Inc.*, 09-2460 (WJM), 2011 WL 2610098, *2 (D.N.J. June 15, 2011).

>6. **Meritoriousness of the Claims:** In light of the proceedings to date, the Court finds that there may be some merit to Plaintiff's claims. As such, this particular factor militates against dismissing Plaintiff's claims with prejudice.

When the Court considers all of the *Poulis* factors set forth above, the Court finds that on balance they support the dismissal of Plaintiff's claims with prejudice. Plaintiff voluntarily filed this case. After doing so, Plaintiff's counsel has failed to take the steps necessary to move this case forward. Despite being given every opportunity to litigate these claims, Plaintiff's counsel has elected to no longer effectively participate in the case. As a result, this Court respectfully recommends that Plaintiff's claims be dismissed with prejudice.

## Conclusion

The Court having given consideration to the *Poulis* factors;

IT IS on this 11th day of December, 2019,

RECOMMENDED that Plaintiff's claims be DISMISSED WITH PREJUDICE; and it is

ORDERED that the Clerk of the Court activate this Report and Recommendation; and it is further

ORDERED that the Clerk of the Court send Plaintiff a copy of this Report and Recommendation, with return receipt requested, to her address at 34 Hemlock Drive, Jamesburg, NJ, 08831 (*See* Compl.; Docket Entry No. 1 at 3); and it is further

ORDERED that pursuant to FED.R.CIV.P. 72(b)(2) any party, including Plaintiff, who has an objection to the proposed findings and recommendations set forth herein has **14 days** after being served with a copy of this Report and Recommendation to file specific written objections.

                                                 s/Tonianne J. Bongiovanni
                                         **HONORABLE TONIANNE J. BONGIOVANNI**
                                         **UNITED STATES MAGISTRATE JUDGE**